UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
VS. ) CR06-0099T
)
JUAN JOJON )

---

OBJECTION TO PRESENTENCE REPORT

Now comes Juan Jojon, the Defendant in the above captioned matter, and objects to the following elements within the presentence report ("PSR") prepared by the Probation Department in this case.

I. Criminal History Category Assessment

Mr. Jojon objects to the points assessed to his criminal history calculation based on the assertion that he committed this offense within two years of incarceration. *See* PSR ¶¶ 26 & 27. The information charges that Mr. Jojon committed the offense of illegal re-entry on August 16, 2006, subsequent to serving a State sentence at the ACI from March 27 to August 16. In fact, August 16, 2006, merely reflects the transfer date of Mr. Jojon from the custody of the State of Rhode Island to Federal (ICE) custody.

The statute, 8 U.S.C. § 1326, states that a previously deported alien commits this crime when he "enters, attempts to enter, or is at any time found in, the United States, . . ." 8 U.S.C. § 1326(a)(2) (2006). While the information charges this offense occurred on August 16, Mr. Jojon obviously entered the United States on a date prior. The Cranston police arrested Mr. Jojon on March 27, 2006, almost five months before the stated offense date. *See* PSR ¶ 1. The next day, March 28, the Cranston police contacted ICE to inquire about Mr. Jojon alien status. *See* Complaint Affidavit (attached). The PSR, therefore, should reflect March 28 as the date that the government *found* Mr. Jojon's in the United States, and, for sentencing purposes, the criminal history enhancement should not be assigned. Subtracting the 1 point from the CHC calculation lowers Mr. Jojon's points from

7 to 6, and the corresponding CHC from VI to III.

II. Enhancement for Prior Conviction Under U.S.S.G. 2L1.2

Mr. Jojon objects to the PSR assignment of a 16 point enhancement to his offense level based on his conviction for a hand to hand delivery of cocaine in 2000. PSR ¶ 16 & 25. The report notes that Mr. Jojon received a sentence of 12 months in prison followed by a 9 year probationary period with a suspended sentence. PSR ¶ 16. That sentence does not qualify for the 16 point enhancement, but instead triggers a 12 point leap. *See* U.S.S.G. 2L1.2((b)(1)(A) & (B). Applying this adjustment to the offense level calculation (PSR ¶¶ 15-23) reduces Mr. Jojon's offense level by 4 to a total offense level of 17.

III. Conclusion

These two objections lower both Mr. Jojon's CHC and his offense level. The PSR now calculates an advisory guideline range of 57 - 71 months based on an offense level of 21 in CHC VI. After the adjustments based on these objections Mr. Jojon's advisory guideline range should be 30 - 37 months incarceration; offense level 17 in CHC III. Mr. Jojon requests these changes be made to the current PSR.

Respectfully submitted
Juan Jojon
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Dennis Jenkins, United States Probation Officer, and Stephanie Browne, Assistant United States Attorney, on February 2, 2007.

/s/ Kevin J. Fitzgerald