UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0099T |
| | ) | |
| JUAN JOJON | ) | |

---

MOTION FOR DOWNWARD DEPARTURE

Now comes Juan Jojon, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to U.S.S.G. § 4A1.3(b)(1), to depart downward from the advisory guideline range based on the overstatement of his criminal history. Attached is Mr. Jojon's memorandum in support of this motion.

Respectfully submitted
Juan Jojon
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Dennis Jenkins, United States Probation, and Stephanie Browne, Assistant United States Attorney, on February 15, 2007.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0099T |
| | ) | |
| JUAN JOJON | ) | |

---

MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE

Juan Jojon, the Defendant in the above captioned matter, has moved this Court to depart downward pursuant to U.S.S.G. § 4A1.3(b)(1). According to the guidelines, the PSR set Mr. Jojon's criminal history category at IV based on 7 points from two convictions. Section 4A1.3(b)(1) states:

> If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

Mr. Jojon has one significant conviction for a hand to hand delivery of cocaine in 1999. He served a sentence for that crime and was deported. Since that time he has led a trouble free life. When he returned to Mexico he found a job and worked to help support his family. Unable to make a sufficient living he decided to return to the United States to work. He obtained employment within a month of returning and held that job for over 2 ½ years. After being laid off he found another job just prior to his arrest. That March 27, 2006, arrest resulted in his second conviction (which this Court should not consider too heavily).

Mr. Jojon has shown his likelihood of re-offending is practically nil. He has been back in the United States for 2 ½ years and has not committed any substantial offenses. His sister and brother-in-law, Nadia and Cristobal Tornez, indicate that he has been continuously employed since his return, has been a fully supportive member of his family here and in Mexico during this time, and has not re-engaged in the conduct which led to his conviction seven years ago. Also, his ultimate

deportation weighs against the potential for recidivism because Mr. Jojon will no longer be in the United States. For these reasons the guidelines overstate the seriousness of Mr. Jojon's criminal record. The Court should grant this motion and depart downward appropriately from the advisory guideline range in the PSR.

Respectfully submitted
Juan Jojon
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Dennis Jenkins, United States Probation Officer, and Stephanie Browne, Assistant United States Attorney, on February 15, 2007.

/s/ Kevin J. Fitzgerald