**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 06-099T |
| | : | |
| JUAN JOJON | : | |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR SENTENCE CONSIDERATION

Now comes the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephanie S. Browne, Assistant United States Attorney, and hereby responds to defendant's Motion for Sentence Consideration. Defendant posits a number of "grounds" for a sentence below the guideline range; he has not engaged in criminal conduct since his illegal re-entry into the United States; he has steadily worked since his illegal re-entry; defendant's criminal history is not significant; and the nature of his offense. However, none of those grounds, either individually or in combination, are sufficient to justify a sentence below the guideline range.

In the wake of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory, not mandatory. Yet the First Circuit has made plain that "the guidelines continue [] to be an important consideration in sentencing." United States v. Jimenez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006). Moreover, "the guidelines cannot

be called just 'another factor' in the statutory list, 18 U.S.C. §3553(a), because they are the only integration of the multiple factors, and with important exceptions, their calculations were based upon the actual sentences of many judges." Id. (emphasis in original). Nevertheless, "[a] court may sentence below the guidelines because the guideline sentence appears unreasonable in the 'particular case.'" United States v. Thurston, 456 F.3d 211, 218, 219 (1st Cir. 2006) (quoting Jimenez-Beltre, 440 F.3d at 518). Post-Booker, "the fact '[t]hat a [departure] factor is discouraged or forbidden under the guidelines does not automatically make it irrelevant when a court is weighing the statutory factors apart from the guidelines.'" United States v. Aitoro, 446 F.3d 246, 255 n. 9 (1st Cir. 2006) (quoting United States v. Smith, 445 F.3d 1, 4 (1st Cir. 2006)). "Nevertheless, [the Jimenez-Beltre] decision did treat the guidelines as more than just 'one factor among many,' deemed them the proper starting point for post-Booker sentencing, and said that the proponent of a variance had to support it." United States v. Navedo-Concepción, 450 F.3d 54, 57 (1st Cir. 2006) (quoting United States v. Jimenez-Beltre, 440 F.3d 514, 518-19 (1st Cir. 2006)).

An application of the factors listed in 18 U.S.C. § 3553(a) does not afford defendant the relief which he seeks. Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment ···; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for ··· the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ···; (5) any pertinent policy statement ··· issued by the Sentencing Commission ···; (6) the need to avoid unwarranted sentence disparities among

> defendants with similar records ⋯; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1) requires the sentencing court to consider a defendant's background and the circumstances of the instant offense. In this case, such an examination affords defendant no relief.

Contrary to defendant's claims, his criminal history, personal background, nature of the instant offense and behavior since his illegal re-entry into the United States all justify a sentence within the guideline range.

Defendant entered the U.S. sometime in 1996. Four years later he was arrested for and convicted of drug trafficking. In May, 2000 he received a sentence of 10 years with 1 year to serve, with the remaining 9 years suspended/probation. In May, 2001 he was deported to Mexico. Sometime in 2003/2004 he re-entered the U.S. through an unknown port. Presentence Report (PSR) ¶ 33. He worked at various jobs in Rhode Island using the false name of Hipolito Garcia. On March 28, 2006, after having been stopped for a traffic offense, defendant presented the Cranston police officer with a false identification in the name of Hipolito Garcia, defendant was charged in state court with the offenses of identity fraud and obstructing a police officer. Contrary to defendant's claim that the guidelines unfairly and inaccurately indicate he is likely to be recidivist, the guidelines have quite accurately predicted what has proven to be true - he is a recidivist. He committed a drug trafficking offense prior to his deportation; he re-offended with his illegal re-entry into this country; he re-offended when he worked for several years under a false identity; and he re-offended when he presented a false identification to a police officer. In

this case, the guidelines where prescient.

18 U.S.C. § 3553(a)(2) sets forth a number of considerations for the sentencing court. Among those considerations are the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; to provide adequate deterrence to criminal conduct; and to protect the public from further crimes at the hands of defendant. Given defendant's lack of respect for the laws of the United States, he should be sentenced to deter his future misconduct as well as to deter others. The Court should note that by his use of a false identity for approximately 3 years as well as his illegal re-entry into this country, defendant violated the terms of his drug trafficking sentence. This is an additional indication that he has no respect for and no inclination to obey the rule of law or the orders of the courts. In a case such as this one where defendant has no compelling reasons why he could not conform his conduct to the law, the factors in § 3553(a)(2) which go to deterrence, respect for the law, just punishment, and protection for the public, all serve individually and collectively as reasons why a sentence at the low end of the guideline range is reasonable and appropriate.

Contrary to the admonition in Jimenez-Beltre that the proponent of a variance has to provide support for a sentence below the advisory guideline range, defendant has provided no support for such a decision. He has demonstrated no personal characteristics, no facts about the crime, nor any grounds to support a conclusion that a sentence below the range as set forth in the PSR would be reasonable or would meet the requirements of 18 U.S.C. § 3553(a).

For all of the foregoing reasons, defendant's motion should be denied. He should be

sentenced to 57 months, the low end of the advisory range. Such a sentence is reasonable when all of the factors within the statute are considered and weighed.

Respectfully submitted,
UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ STEPHANIE S. BROWNE
STEPHANIE S. BROWNE
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000
(401)709-5001(fax)
Stepahanie.browne@usdoj.gov

CERTIFICATION OF SERVICE

On this 20th day of February, 2007, I caused the Government's Response to Defendant's Motion for Sentence Consideration to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Kevin J. Fitzgerald
Assistant Federal Defender
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903
kevin_fitzgerald@fd.org

/s/STEPHANIE S. BROWNE
STEPHANIE S. BROWNE
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401)709-5000
(401)709-5001(fax)
Stepahanie.browne@usdoj.gov